**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ANTWAN A. CARTER,

                              **Petitioner,**

             **v.**                              **CASE NO. 21-3143-SAC**

DAN SCHNURR,

                              **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court directs Petitioner to show cause why this matter should not be dismissed for failure to exhaust state court remedies or on the independent ground of failure to timely file this action.

**Background**

In state-court proceedings in 2008, a jury convicted Petitioner of one count of attempted first-degree murder and two counts of attempted second-degree murder, and the district court sentenced him to 368 months in prison. See *Carter v. State*, 2019 WL 3756232, at *1 (Kan. Ct. App. 2019) (*Carter III*), *rev. denied* Aug. 26, 2020. Petitioner pursued a direct appeal, arguing: "(1) The district court erred in denying his motion to suppress statements to law enforcement; (2) the sufficiency of the evidence to prove premeditation; (3) the sufficiency of the evidence to prove an

intent to kill; (4) the court's order to pay BIDS attorney fees; and (5) the court erred in sentencing him." *Id.* On December 3, 2010, the Kansas Court of Appeals (KCOA) affirmed Petitioner's convictions, dismissed the sentencing portion of the appeal, vacated the BIDS order, and remanded for a hearing on payment of BIDS fees. *State v. Carter*, 2010 WL 5490726, at *8 (Kan. Ct. App. 2010) (*Carter I*). Petitioner sought review of the decisions adverse to him, but the Kansas Supreme Court denied his petition for review on February 11, 2011.

On November 2, 2011, Petitioner timely filed a motion for habeas relief under K.S.A. 60-1507, alleging multiple instances of ineffective assistance of trial and appellate counsel. See *Carter v. State*, 2014 WL 2871337, at *3 (Kan. Ct. App. 2014) (*Carter II*), *rev. denied* July 21, 2015. After appointing counsel and holding an evidentiary hearing on the 60-1507 motion, the district court denied the motion. *Id.* Petitioner appealed and, on June 20, 2014, the KCOA affirmed the denial. *Id.* at *1. The Kansas Supreme Court (KSC) denied review on July 21, 2015.

Petitioner filed a second motion under K.S.A. 60-1507 in 2016, which the district court denied, but he voluntarily dismissed his appeal of that denial while the appeal was pending in the KCOA. *Carter III*, 2019 WL 3756232, at *2. On February 6, 2017, Petitioner filed a third K.S.A. 60-1507 motion. *Id.* The district court summarily denied the motion as untimely and Petitioner appealed. *Id.* On August 9, 2019, the KCOA affirmed the dismissal, holding that Petitioner failed to argue the manifest injustice required for consideration of an untimely 60-1507 motion and, in the alternative, that the motion was barred as successive. *Id.* at 2-6. The KSC denied

review on August 26, 2020.

**Exhaustion**

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state-court remedies is required by prisoner seeking habeas corpus relief). To satisfy this exhaustion requirement, Petitioner must have presented the very issues raised in the petition currently before the Court to the Kansas Supreme Court[1], either by way of direct appeal or by state post-conviction motion. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A habeas petitioner ordinarily must "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

Petitioner presents only one ground for federal habeas relief: that the State of Kansas offered insufficient evidence at trial

---

[1] Although Kansas Supreme Court Rule 8.03B now states that "when a claim has been presented to the Court of Appeals and relief has been denied, the party is deemed to have exhausted all available state remedies," Rule 8.03B, by its plain language, applies only to "appeals from criminal convictions or post-conviction relief on or after July 1, 2018." Thus, it does not apply in Petitioner's claim in the current federal habeas petition.

that he committed the overt act of firing a handgun as required to prove attempt under K.S.A. 21-3301, now codified at K.S.A. 21-5301(a). (Doc. 1, p. 5-6.) Petitioner asserts that he raised this issue in his direct appeal "but the court dismissed [his] appeal on the summary calendar."[2] *Id.* at 5.

A review of Petitioner's brief to the KCOA in his direct appeal reveals that he argued: (1) the district court erred by (a) denying his motion to suppress certain statements, (b) ordering him to pay attorney fees, and (c) sentencing him as it did; and (2) the state presented insufficient evidence of (a) premeditation and (b) his intent to kill. *See State v. Carter*, *Brief of Appellant*, 2010 WL 428909 (filed Jan. 8, 2010). Nowhere did Petitioner argue that the state had presented insufficient evidence that he committed the overt act of firing a gun. Thus, it appears that Petitioner has not exhausted his claim in the state courts.

At this point, however, Petitioner's direct appeal is final and, as the KCOA noted in its most recent opinion, any collateral attack under 60-1507 would likely be considered untimely and successive. Where the court to which the petitioner would be required to present the unexhausted claim to satisfy the exhaustion requirement would find it procedurally barred, the federal habeas

---

[2] Petitioner also argues that he raised this claim in a post-conviction "Petition to Vacate Illegal Sentence" under K.S.A. 22-3504. (Doc. 1, p. 5.) Montgomery County District Court records reflect that a "Pro Se Petition to Vacate Conviction and Set Aside Illegal Sentence" was filed on May 18, 2020, and the district court ruled on that motion on May 26, 2020. The district court records further indicate that appellate counsel has been appointed. However, Petitioner has not provided the Court with any further information about those proceedings other than indicating in his Petition that he has appealed the district court's order on the 22-3504 motion to the KCOA and has raised Ground One therein. The online records of the KCOA indicate that the last appeal docketed by Petitioner was docketed in 2018. If Petitioner has raised this claim in state-court proceedings that are ongoing, Petitioner must advise this Court of the status of those proceedings.

court may apply an anticipatory procedural bar. *See Rouse v. Romero*, 531 Fed. Appx. 907, 909 n.5 (10th Cir. 2013) ("[A] anticipatory procedural bar occurs when the federal courts apply [a] procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it." (internal quotation marks omitted)).

To overcome an anticipatory procedural bar, a petitioner must show either cause for the default and actual prejudice as a result of the alleged constitutional violation or that the failure to consider the claim will result in a fundamental miscarriage of justice because he is actually innocent. *See Bondy v. Scott*, 43 Fed. Appx. 168, 173 (10th Cir. 2002). In this context, "cause" for the default "must be something external to the petitioner, something that cannot fairly be attributed to him." *Griffin v. Schnurr*, 640 Fed. Appx. 710, 720 (10th Cir. 2016) (internal quotation marks omitted).

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State

action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Finally, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted),

To obtain an exception to the one-year time limitation because of actual innocence, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's direct review concluded when the KSC denied

review of his direct appeal on February 16, 2011. Petitioner had 90 days to seek review before the United States Supreme Court. Thus, Petitioner's one-year federal habeas limitation period began to run around May 18, 2011. Petitioner filed his first state habeas motion on November 2, 2011, tolling the one-year federal habeas limitation period. Approximately 168 days of the year had expired at that point, leaving approximately 197 days remaining.

The KSC denied review of the lower courts' decisions on the 60-1507 action on July 21, 2015, and the one-year federal habeas limitations period resumed. See *Edwards v. Roberts*, 479 Fed. Appx. 822, 826 (10th Cir. 2012). Although Petitioner filed two additional 60-1507 motions, the online records of Montgomery County District Court indicate that Petitioner filed his second 60-1507 motion on July 11, 2016. But the federal habeas limitations period expired approximately 197 days after the KSC denied review in Petitioner's first 60-1507 proceeding, or on approximately February 4, 2016. Thus, Petitioner's second 60-1507 motion did not statutorily toll the time for timely filing a federal habeas action.

The petition currently before the Court is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling. The Court directs Petitioner to show cause why his Petition should not be dismissed.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including August 26, 2021, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his habeas claim should not be dismissed for failure to exhaust state-court remedies or due to his failure to commence this action within the one-year limitation period.

**IT IS SO ORDERED.**

DATED:  This 26th day of July, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge