```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

**ANTWAN A. CARTER,**

                               **Petitioner,**

              **v.**                                            **CASE NO. 21-3143-SAC**

**DAN SCHNURR,**

                               **Respondent.**

## MEMORANDUM AND ORDER

    This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On July 26, 2021, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause why this matter should not be dismissed due to his failure to exhaust state-court remedies or his failure to commence this action within the one-year limitation period. (Doc. 4.) Petitioner has now filed his response. (Doc. 5.) For the reasons explained below, the Court will dismiss the action with prejudice for failure to exhaust state-court remedies and failure to timely commence this action.

**Exhaustion**

    The NOSC explained that as a state prisoner, Petitioner bears the burden to show that (1) he has exhausted all available state-court remedies before pursuing federal habeas relief; (2) there is an absence of available state corrective process; or (3) circumstances exist that render such process ineffective to protect Petitioner's rights. (Doc. 4, p. 3.) The NOSC further noted that Petitioner's sole ground for federal habeas relief is that the State of Kansas offered insufficient evidence at trial that he committed

the overt act of firing a handgun, which was required to support his convictions. *Id.* at 3-4. It did not appear, however, that Petitioner raised this issue in the state courts. *Id.* at 4.

In his response, Petitioner explains that on May 18, 2020, he filed a motion to correct illegal sentence pursuant to K.S.A. 22-3504 in state district court that raised the issue. (Doc. 5, p. 1.) After the district court denied the motion, Petitioner filed a notice of appeal, but "he never heard anything from the court concerning his appeal so he thought it had been denied." *Id.*

The purpose of the exhaustion requirement is to "give state courts a fair opportunity to act on [a Petitioner's] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Thus, when "the claim has been presented [in the state court] for the first and only time in a procedural context in which its merits will not be considered," a federal habeas court will not consider the claim, "unless there are special and important reasons therefor." *Castille*, 489 U.S. at 351. Kansas appellate courts have explained that "[a]ny claim that a conviction is unsupported by sufficient evidence . . . cannot be challenged in a motion to correct illegal sentence." *See State v. Blaurock*, 2020 WL 593896, at *6 (Kan. Ct. App. Feb. 7, 2020) (unpublished opinion), *rev. denied* Sept. 29, 2020. Thus, Petitioner's 22-3504 motion in 2020 did not satisfy the exhaustion requirement.

This Court's NOSC also explained that to overcome a procedural bar such as a defaulted claim, Petitioner must show either (1) cause for the default and actual prejudice from the alleged constitutional violation or (2) that declining to consider his claim will result

in a fundamental miscarriage of justice because Petitioner is actually innocent. (Doc. 4, p. 5.) Petitioner has argued neither of these points in his response; he has not explained why he did not raise the issue in one of the other state-court proceedings, such as his direct appeal, nor has he shown actual innocence. Thus, the Court concludes that the sole ground for relief in the present petition is procedurally defaulted and the petition must be dismissed.

**Timeliness**

In addition, the petition is also subject to dismissal on the independent ground that it was not timely filed. As the NOSC explained, the one-year limitation period under 28 U.S.C. § 2244(d)(1) began to run around May 18, 2011, when Petitioner's time to seek review before the United States Supreme Court expired. (Doc 4., p. 8.) Petitioner's first state habeas motion tolled the one-year federal limitation period on November 2, 2011 when approximately 168 days of the year had expired and approximately 197 days remained. *Id.* The federal limitation period resumed running on July 21, 2015, when the Kansas Supreme Court denied review of the Kansas Court of Appeals' decision in the habeas action, and the limitation period expired on or about February 4, 2016. *Id.* Petitioner filed the present petition on June 10, 2021. (Doc. 1.)

In his response to the NOSC, Petitioner does not address timeliness. (Doc. 5.) Accordingly, he has not established grounds for additional statutory tolling, for equitable tolling, or to apply the actual innocence exception to the one-year time limitation. Thus, the Court concludes that the present petition is time-barred under U.S.C. § 2241(d) and that Petitioner has not shown any

circumstances that justify tolling or an exception to the time limitation. The Court will therefore dismiss this matter as time-barred. The Court also concludes that its procedural rulings in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS, THEREFORE, BY THE COURT ORDERED** that this matter is dismissed with prejudice as time-barred and for failure to exhaust state-court remedies. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 9th day of August, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge